L. B. MACKAY v. MINNESOTA STATE AGRICULTURAL SOCIETY.[1]

December 26, 1902.

Nos. 13,179—(131).

**Construction of Contract.**

A contract executed by respondent and appellant, granting the right
to conduct a vaudeville show in the State Fair Grounds, construed, and
*held*:

**License.**

(1) Appellant acquired a mere privilege or license upon conditions
named, and did not acquire any interest in the real estate designated in
the contract as the location for the performance.

**Cancellation.**

(2) The privilege so granted was subject to cancellation upon a viola-
tion by the licensee of the contract provisions.

**Recovery by Plaintiff.**

(3) The privilege having been revoked and the entertainment pro-
hibited for the reason that the terms of the contract were wilfully
broken by the licensee, he is without remedy, and is not entitled to
recover any part of the consideration paid.

Action before a justice of the peace to recover $99, money had
and received, being the alleged unearned portion of the considera-
tion paid by plaintiff to defendant for the privilege of conducting
a vaudeville show at the state fair grounds, which privilege was
cancelled by defendant before the expiration of the term. Plain-

[1] Reported in 92 N. W. 539.

tiff recovered judgment for the sum demanded, whereupon defendant appealed to the municipal court of St. Paul on questions of law and fact. The case was tried before Orr, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Everett Moon,* for appellant, cited: Curry v. Township, 81 Mich. 355; Lydick v. Korner, 15 Neb. 500.

*W. B. Douglas,* Attorney General, and *W. J. Donahower,* Assistant Attorney General, for respondent.

The license was lawfully forfeited and plaintiff had no interest whatever in the money which he paid. Johnson v. Skillman, 29 Minn. 95; Wilson v. St. Paul, M. & M. Ry. Co., 41 Minn. 56; Board v. Kreuger, 88 Ind. 231; Curry v. Township, 81 Mich. 355; Peyton v. Hot Springs, 53 Ark. 236; Taylor v. Hare, 1 Bos. & P. (N. R.) 260.

LEWIS, J.

The Minnesota State Agricultural Society on September 1, 1901, granted to appellant the privilege of carrying on a certain exhibition during Fair week, and the following document was executed:

"Hamline, Minn., Sept. 1st, 1901.
"In consideration of one hundred dollars, and the agreements hereinafter contained, the Minnesota State Agricultural Society, as the first party, hereby grants to L. B. Mackay, the second party, the right and privilege to occupy during the State Fair, from September 2 to September 7, 1901, on the State Fair Grounds, at Hamline, Ramsey county, Minnesota, lot 1, Western. To be used for vaudeville show. It is expressly understood and agreed:

First. That no intoxicating liquors, or beverages containing alcohol in any form, shall be kept, sold, or given away on the premises covered by this privilege.

Second. That the second party shall conduct the business for which this privilege is granted in a quiet and orderly manner.

Third. The second party also agrees to keep the surroundings in and about the premises above described clean and free from waste and rubbish.

Fourth. It is also an express condition of this privilege that all booths, stalls, or other structures erected by the party of the second part will by them be removed promptly after the closing date of the Fair, and no booth, stall, or other structure is to be removed until after nine o'clock on closing night of fair.

Fifth. All privileges amounting to $25, or less, must be paid in advance.

Sixth. The second party hereby expressly agrees to pay the amount above specified for said privilege, where amount of same exceeds $25, in two equal payments,—one-half when privilege is granted, and one-half on or before Wednesday, September 4,—and until the same is fully paid the first party shall have a lien on all personal property of the second party which may be on the Minnesota State Fair Grounds during said Fair, with the right to take possession of and retain the same until said amount is fully paid.

Seventh. That the right to sublet any part of said premises is not conveyed by this privilege, without consent of the first party being obtained.

Eighth. The first party may revoke the privilege hereby granted at any time if the second party violates any of the conditions herein contained or any of the by-laws of the first party, or any of the laws of the state of Minnesota."

Appellant occupied the premises for two days, conducting a vaudeville show, at the end of which time the society revoked the privilege and prevented any further exhibition upon the ground that the performance was immoral and of a character in violation of some of its by-laws. Appellant having paid the whole amount of $100 when the agreement was executed, this action was brought to recover what he claims to be the unearned portion of the money paid. The trial court, having found the facts above stated, ordered judgment for respondent.

It is insisted on behalf of respondent that the agricultural society cannot be made to answer to a suit of this kind, for the reason that it is an agent of the state. The conclusion we have reached upon the merits of the case makes it unnecessary to consider this question.

The first part of the agreement, when taken by itself, may fairly imply a grant to appellant of a certain tract of land for the period of six days; and, if the conditions subsequently set forth are treated as incidental merely, then there would be some ground for the contention of appellant that the grant could not be revoked without returning a proportionate amount of the fee. But when the entire instrument is considered, in connection with the position of the parties, the object to be attained by appellant, the power and authority of the association, and their purpose in issuing it, it is apparent that the primary object was to give appellant the priv-

ilege of conducting an exhibition in the Fair Grounds for six days, carrying with it the right to charge an admission fee, and, as an incident to such permission, for the purpose of regulating the manner in which the exhibition should be conducted, a certain space for its location was designated. The principal and leading object was the right to attract the patronage of the people visiting the Fair Grounds, and not the acquirement of an interest in any particular tract of land.

The effect of the document was the same as though no reference had been made to any particular space, and it had read, "to be conducted at some point, within certain limits, hereafter to be designated by the superintendent." The writing conveyed no interest whatever in the land, but was simply a privilege or license to be exercised at a certain place under named conditions. Appellant entered into the contract with full knowledge of these conditions, and the society granted the privilege upon the consideration that the exhibition would be conducted in the manner stipulated. The parties were competent to make such a contract, and it necessarily follows that if appellant wilfully violated its terms, and conducted an exhibition of a nature forbidden by the by-laws of the society, he cannot complain of the enforcement of the very conditions which he agreed might be imposed. Appellant was granted permission to conduct a respectable entertainment for the period of six days in consideration of $100, and, if he had complied with the provisions of the agreement, he might have enjoyed the full term thereof.

The rights of the parties are not changed by the fact that the entire amount was paid in advance, rather than in instalments. The contract arrangement to pay in instalments was for the benefit of the licensee, and it was his misfortune that the whole fee had been paid. Appellant brought the revocation of the privilege upon himself by his own unlawful act, and under such circumstances the law will not furnish a remedy.

Judgment affirmed.